UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| REBECCA HEIM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MADISON NATIONAL LIFE INSURANCE ) | No. 1:13-cv-00130-SEB-DKL |
| COMPANY, INC., ) | |
| DISABILITY REINSURANCE ) | |
| MANAGEMENT SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING DEFENDANT DISABILITY REINSURANCE MANAGEMENT SERVICES, INC.'S MOTIONS TO DISMISS**
[Docket Nos. 10 and 20]

This cause is before the Court on the Motion to Dismiss [Docket No. 20] filed by Defendant Disability Reinsurance Management Services, Inc. ("DRMS") on April 8, 2013, pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] In her Amended Complaint, Plaintiff Rebecca Heim alleges that DRMS breached a covenant of good faith and fair dealing in connection with the denial of her claim for long-term disability benefits. For the reasons detailed below, we <u>DENY</u> Defendant DRMS's Motion to Dismiss.

**I.    Standard of Review**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

---

[1] DRMS filed an earlier motion to dismiss on February 22, 2013 [Docket No. 10]. In response to that motion, Plaintiff requested and was granted leave to file an amended complaint, which was filed on March 19, 2013. Accordingly, Defendant's Motion to Dismiss at Docket 10 is <u>DENIED AS MOOT</u>.

1

statements, do not suffice" to withstand the requirements of Federal Rules of Civil Procedure 8 and 12(b)(6). *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "[A]t some point, the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8."[2] *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

A party moving to dismiss nonetheless bears a weighty burden. "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563 (citing *Sanjuan v. Am. Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) ("At [the pleading stage] the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint.")). In addressing a Rule 12(b)(6) motion, we treat all well-pleaded factual allegations as true, and we construe all inferences that reasonably may be drawn from those facts in the light most favorable to the non-movant. *Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003); *Szumny v. Am. Gen. Fin.*, 246 F.3d 1065, 1067 (7th Cir. 2001).

**II.    Discussion**

DRMS argues that the Amended Complaint fails to allege sufficient facts to raise a plausible claim that DRMS owes a duty of good faith to Ms. Heim. Under Indiana law, a duty of good faith can arise between a corporation and an individual by contract or through the formation of a fiduciary relationship. *See, e.g.*, *Kimmel v. Western Reserve Life Assur. Co. of Ohio*, 627 F.3d 607, 612 (7th Cir. 2010); *Coates v. Heat Wagons, Inc.*, 942 N.E.2d 905, 918 (Ind.

---

[2] Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a). Under Seventh Circuit law, the statement must be sufficient "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (internal quotation marks and citations omitted).

Ct. App. 2011); *Doe v. Roman Catholic Archdiocese of Indianapolis*, 958 N.E.2d 472, 477 (Ind. Ct. App. 2011). It is undisputed that Ms. Heim and DRMS do not have a contractual relationship; thus, to survive summary judgment, the Amendment Complaint must adequately allege that Ms. Heim and DRMS formed a fiduciary relationship.

A fiduciary relationship arises when "one party places a special trust and confidence in a dominant party and it is presumed that a transaction entered into during such relationship is not at arm's length." *Doe*, 958 N.E.2d at 477 (citing *Strong v. Jackson*, 777 N.E.2d 1141, 1148 (Ind. Ct. App. 2002)). In the insurance realm, a duty of good faith arises from "the unique character of the insurance contract which supports the conclusion that there is a 'special relationship.'" *Erie Ins. Co. v. Hickman*, 622 N.E.2d 515, 518 (Ind. 1993).

DRMS argues that the Amended Complaint fails to allege any facts to support the purported existence of any fiduciary or "special relationship" between DRMS and Ms. Heim. However, the Amended Complaint does allege that DRMS acted as the third party administrator to the disability insurance policy at issue and that DMRS was involved in the decision to deny Ms. Heim's claim. In *Sieveking v. Reliastar Life Insurance Co.*, No. 4:08-cv-0045-DFH-WGH, 2009 WL 1795090 (S.D. Ind. June 23, 2009), our court recognized that a third party administrator of an insurance claim in some cases may have a fiduciary relationship with the insured which gives rise to a duty of good faith and fair dealing. In *Sieveking*, the court held that, as the administrator of the plaintiff's claim and the employer of the individuals who made the denial decision, the third party administrator owed the plaintiff a fiduciary duty to administer her claim in good faith. *Id.* at *2.

Here, the Amended Complaint alleges that DRMS was the third party administrator of the policy at issue and that it was involved in the decision to deny Ms. Heim's claim. Assuming

these facts to be true, as we are required to do, the allegations contained in the Amended Complaint are sufficient at this early stage of the litigation to state a plausible claim for relief against DRMS.  Accordingly, Defendant's Motion to Dismiss is DENIED.

    IT IS SO ORDERED.

Date: 09/18/2013

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Jeremy N. Gayed
BARRETT & MCNAGNY LLP
jng@barrettlaw.com

Melissa A. Davidson
CHARLES D. HANKEY LAW OFFICE
mdavidson@hankeylawoffice.com

James Michael Dubach
CHARLES D. HANKEY LAW OFFICE, PC
jimdubach@hankeylaw.com